## No. 450

### FORD v. STATE

Ohio Appeals, Sixth Dist., Sandusky County
No. 16166. Decided May 1, 1923

EVIDENCE—(1) Discretionary power of court to grant permission to take depositions—(2) Establishment of reputation of accused by deposition.

CHITTENDEN, J.

#### Epitomized Opinion

The accused was indicted for shooting with intent to kill. Prior to trial, two applications were made by the accused to take depositions. One of these applications sought to secure the testimony of one Ballard, who was said to be in the county of Marion, Ohio. Defendant swore that he expected to show by this testimony that his physical condition at the time that he was arrested was caused through an attack upon him by the person he was alleged to have shot with intent to kill. The other application sought to secure the testimony of several witnesses in Florida for the purpose of showing his reputation. These applications were refused. At the trial the accused was convicted and he thereupon prosecuted error, alleging as his principal ground the refusal of the court to permit the taking of these depositions. In sustaining the judgment of Judge Garver of Fremont, Ohio, the court held:

1. The granting of a commission to take depositions is purely a matter of judicial discretion and a refusal to grant the same will not be held to be prejudicial where it does not appear that the depositions were necessary to establish a complete defense to the action.

2. Ordinarily evidence as to character, to be of much weight, should relate to the reputation of the person whose character is questioned at the place and at about the time of the occurrence under judicial examination; and where it does not appear from the affidavit in support of the application to take a deposition that the party was without means of making proof of his reputation in the community where he had been residing and where the crime is alleged to have been committed, it is not prejudicial error to refuse to grant such a commission.

Attorneys—A. V. Bauman, Jr., for Ford; G. C. Sheffler and E. R. Voorheis, for State of Ohio.

## No. 451

### HERIER & CO. v. SCHAEFER

Ohio Appeals, First Dist., Hamilton County
No. 2040. Decided April 9, 1923
Cushing, C. J., Buckhwalter and Hamilton, JJ.

SALES—(1) Verdict not manifestly against the weight of evidence—Breach of contract.

PER CURIAM.

#### Epitomized Opinion

Schaefer was engaged in the apple business at Rochester, N. Y. On Dec. 4, 1918, Herier & Co., Cincinnati commission merchants, notified Schaefer that they desired to purchase three carloads of apples. Two of these cars were tendered to the Railroad Company on Dec. 6, 1918, but the Railroad refused to ship them on account of an embargo on shipments of apples to Cincinnati. Subsequently Schaefer shipped the apples to his own order to Louisville, Ky. Schaefer notified Herier that if a deposit of $2,000 were made in a Rochester bank he would issue diversion instruction so that the apples could be delivered. The apples were to be f. o. b. Rochester. On March 9, 1921, Herier ordered another carload of apples from Schaefer, f. o. b. Cincinnati. Herier received the apples and refused to pay for them. Schaefer filed suit. Herier admitted the purchase and by cross-petition alleged that Schaefer was indebted to the partnership for breach of the former contract. The jury returned a verdict in favor of Schaefer. The defendant prosecuted error. In sustaining the lower court, the Court of Appeals held:

1. That it could not be said as a matter of law that the findings of the jury and the judgment was manifestly against the weight of evidence.

Attorneys—George A. Hanna, for F. Herier & Co.; J. W. Kittering and Dickerson & Dickerson, for Schaefer.

## No. 452

### INDUSTRIAL COMMISSION v. PIASCIK

Ohio Appeals, Eighth Dist., Cuyahoga County
No. 4718. Decided April 26, 1923

EVIDENCE—(1) Probative effect of hearsay evidence—(2) Failure of the court to instruct jury on considerations or elements to be considered in weighing evidence.

MAUCK, J.

#### Epitomized Opinion

Piascik, an employe of the Foster Bolt & Nut Manufacturing Company, received certain injuries which resulted in his death, while working for this company. A claim was filed by his father with the Industrial Commission in which his father claimed compensation on the ground of dependency. The claim was rejected by the commission and an appeal taken to the Court of Common Pleas. Upon the trial no question was raised that the father was not dependent upon the son nor that the son sustained injuries from which he died on the property of his employer and while in such employment. The only question at issue was whether or not the injury was sustained in the course of employment. During working hours Paiscik went on the roof of one of the company's buildings to get a ball thrown there by some boys who were playing in the street. While he was after the ball he fell through the roof into an acid vat and sustained injuries from which he subsequently died. In order to show that the deceased was acting in the course of his employment, plaintiff offered in evidence the testimony of witnesses who said that the deceased had told them he went upon the roof pursuant to the orders of his superior. This was denied by that superior. The trial resulted in a verdict for the plaintiff, and the Commission prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where hearsay evidence is admitted without objection it is to be considered and given its natural probative effect as if it were in law admissible.

2. Where hearsay testimony is necessarily before the jury and is relied upon for recovery, the trial court ought to instruct the jury as to the considerations by which it may or should be controlled in weighing evidence or determining the credibility of such testimony, and a failure to do so is prejudicial error.

Attorneys—George C. Hanson, for Industrial Commission; Wm. B. Woods, for Piascik.